# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ABG EPE IP, LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**aidegou3,** *et al.,*<br><br>*Defendants.* | Civil Action No. |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AUTHORIZATION TO SERVE PROCESS ON DEFENDANTS BY ELECTRONIC MEANS PURSUANT TO FED. R. CIV. P. 4(f)(3)

## STATEMENT OF FACTS

Plaintiff ABG EPE IP, LLC ("Plaintiff") owns all intellectual property, including all trademark rights of Elvis Presley's estate and is current owner of the global trademark portfolio of the late Elvis Presley. Plaintiff owns hundreds of registered and common law trademarks including ELVIS, ELVIS PRESLEY, JAILHOUSE ROCK, BLUE SUEDE, KING OF ROCK N ROLL, LOVE ME TENDER, and many others (collectively, "Plaintiff's Marks" or "Marks"). (Complaint ¶¶ 10, 13.) Defendants advertise and sell unauthorized goods bearing or using counterfeit or infringing copies of one or more of Plaintiff's Marks or otherwise use counterfeit copies of Plaintiff's Marks to advertise non-genuine goods. (*Id*. ¶¶ 18-21.) Defendants sell these counterfeit and infringing products through a number of e-commerce marketplaces, including Alibaba, AliExpress, DHGate, Amazon, Ebay, Etsy, Joom, and/or Wish ("Marketplaces"). (Declaration of Jeffrey B. Sladkus ¶¶ 4-8.) Defendants maintain virtual storefronts on one or more of these Marketplaces where they advertise, sell, and ship counterfeit and/or infringing goods to the United States ("Storefronts"). (*Id*.) Customers can pay for these counterfeit and/or infringing goods using payment processors such as PayPal or by using the Marketplace's internal payment processing platform such as AliPay, DHPay, or Context Logic ("Financial Institutions"). (*Id*. ¶¶ 9-10.)

Plaintiff has moved for an *ex parte* TRO, seeking an Order enjoining the continued sale of counterfeit and/or infringing products and freezing Defendants' assets held by the Marketplaces and Financial Institutions. This will ensure that Defendants do not transfer their ill-gotten gains to foreign bank accounts beyond the Court's jurisdiction. Plaintiff has also requested that the Court issue an order to show cause why a preliminary injunction should not issue.

Plaintiff now requests authorization to serve the Summonses, Complaints, Orders and all other pleadings and papers on Defendants by electronic means pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Defendants operate anonymously to avoid liability for their counterfeiting and infringing conduct. Defendants have unique storefront names and identification numbers on the Marketplaces; however, they do not provide accurate physical addresses or other reliable contact information. When sellers such as Defendants do list an address with the Marketplaces, the information is nearly always either incomplete or inaccurate. (Declaration of Jeffrey B. Sladkus ¶¶ 16-17.)

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

**I.     APPLICABLE LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 4(h), corporations may be served outside the United States in any manner prescribed by Rule 4(f) for serving an individual,

except personal service. FED. R. CIV. P. 4(h)(2). Rule 4(f), in turn, provides that an individual outside the United States may be served in one of the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> […] (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f). A plaintiff is not required to serve a person or corporation outside of the United States pursuant to the provisions of the Hague Service Convention "where the address of the person to be served with the document is not known." Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, Art. 1, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163.

Rule 4(f)(3) permits alternative methods of service so long as those methods are consistent with due process, are not prohibited by international agreement, and are approved by the Court. *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007)(denying motion to quash where the Court previously granted motion to serve by alternative means); *Rio Props. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming trial court's authorization of service pursuant to Rule 4(f)(3) without first exhausting all other options). Due process requires that persons whose property interests are at risk due to government action receive notice and an opportunity to be heard. *Thomas v. United States*, 681 Fed. Appx. 787, 790 (11th Cir. 2017). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)). The decision to allow service by alternate means will be reviewed for an abuse of discretion. *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 922 (11th Cir. 2003).

## II. PLAINTIFF IS NOT REQUIRED TO SERVE DEFENDANTS THROUGH THE HAGUE SERVICE CONVENTION BECAUSE THE DEFENDANTS' ADDRESSES ARE UNKNOWN.

Plaintiff reasonably believes all Defendants are located in China or elsewhere in Asia as the majority of seized counterfeit goods originate in mainland China and Hong Kong.[1] However, Plaintiff does not know the actual physical address of any Defendant. (Declaration of Jeffrey B. Sladkus ¶¶ 16-17.) Sellers of counterfeit products prefer to remain anonymous to avoid being held accountable for their conduct.

Merchants on the Marketplaces typically do not disclose their legal name, complete physical address, email address, or other contact information. (*Id.*) When merchants do provide a physical address, these addresses are nearly always inaccurate and/or incomplete. (*Id.*) Because Plaintiff is unable to ascertain the Defendants' actual physical addresses, it is not required to serve process on the Defendants pursuant to the Hague Service Convention. *U.S. Commodity Futures Trading Comm'n v. Rubio*, No. 12-CV-22129, 2012 WL 3614360, at *2 (S.D. Fla. Aug. 21, 2012) (holding that "the Hague Service Convention is not applicable here

---

[1] OECD, *Trade in fake goods is now 3.3% of world trade and rising* (Mar. 18, 2019), *available at* https://www.oecd.org/newsroom/trade-in-fake-goods-is-now-33-of-world-trade-and-rising.htm; U.S. General Accountability Office, *Agencies Can Improve Efforts to Address Risks Posed by Changing Counterfeit Markets*, (Jan. 2018), *available at* https://www.gao.gov/assets/690/689713.pdf.

because it 'shall not apply where the address of the person to be served with the documents is not known.'"); *Philip Morris USA Inc. v. Veles Ltd.,* No. 06 Civ. 2988, 2007 WL 725412, at *2 (S.D.N.Y. March 12, 2007) (finding the Hague Service Convention inapplicable because physical addresses could not be confirmed as valid).

### III. SERVICE OF DEFENDANTS BY ELECTRONIC MEANS COMPORTS WITH DUE PROCESS.

Federal courts have authorized a variety of electronic service methods where a plaintiff demonstrates the method is likely to notify a defendant of the pendency of the action. The U.S. Bankruptcy Court for the Northern District of Georgia was one of the first federal courts in the country to authorize service of process by electronic mail. *In re Int'l Telemedia Associates, Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000). In doing so, the Court emphasized the reliability of using the defendant's preferred channels of communication:

> If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be among them…. A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party.

*In re Int'l Telemedia*, 245 B.R. at 721. Many courts since the *Telemedia* decision have followed suit and approved of service by electronic means, including email,

website publication, and online social media platforms such as Facebook and Twitter. *See, e.g., Rio Props.,* 284 F.3d 1007, 1017 (9th Cir. 2002)(holding "without hesitation" that e-mail service of a foreign online business defendant is constitutional.); *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp.2d 824, 826 (W.D.N.C. 2008) (authorizing service by publication on plaintiff's website.); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (authorizing service by email); *U.S. v. Mohammad*, 249 F. Supp.3d 450, 454 (D.D.C. 2017) (authorizing service by Facebook message and email); *St. Francis Assisi v. Kuwait Finance House*, 16-CV-3240-LB, 2016 WL 5725002 (N.D. Cal. Sep. 20, 2016)(authorizing service by Twitter).

    Defendants are e-commerce merchants who purposefully communicate and transact business exclusively by electronic means. Defendants conceal their identities and physical locations in an effort to avoid being served, thereby avoiding liability for their illegal conduct. The only means of communicating with Defendants is by electronic mail or through the messaging service on each Marketplace. Therefore, service by electronic means under these circumstances is particularly warranted. (Declaration of Jeffrey B. Sladkus ¶¶ 26-28.)

Plaintiff proposes to provide notice of the TRO to the Marketplaces, Financial Institutions, and Defendants and to serve Defendants with process by electronic mail using addresses obtained from the Marketplaces and/or Financial Institutions. First, Plaintiff submits that this is a highly reliable method of notifying Defendants, the Marketplaces, and the Financial Institutions of the lawsuit and of serving Defendants with process because Defendants exclusively use these email addresses for corresponding with the Marketplaces and Financial Institutions. Second, Plaintiff anticipates that, once the Marketplaces disable Defendants' virtual storefronts and the Marketplaces and/or Financial Institutions freeze Defendants' assets, many Defendants, either directly or through counsel, will initiate contact with the undersigned counsel via email. Service of process and related documents using these email addresses, therefore, is very likely to notify Defendants of this action and, as such, comports with Due Process.

Alternatively, should service of process via email fail, Plaintiff will provide notice using the Marketplaces' internal messaging services. Defendants respond to customer inquiries and accept orders through the Marketplaces messaging services. Therefore, service by this method is also very likely to provide Defendants with actual notice of this action and, therefore, comports with Due Process.

## IV. SERVICE BY ELECTRONIC MEANS IS NOT PROHIBITED BY INTERNATIONAL AGREEMENT.

Where a plaintiff is not required adhere to the Hague Service Convention, the Court may authorize service "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). Article 10 of the Hague Service Convention specified a number of alternative methods of service, including postal channels, judicial officers, or other competent persons. China objected to all of the alternative methods of service in Article 10. However, this objection only prohibits services by those means specifically objected to. "Where a signatory nation has objected to only those means of service listed in Article 10, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article 10." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)(authorizing service by email to defendant in India and holding where a "signatory nation has objected to only those means of service listed in Article X, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X."); *F.T.C. v. PCCare247 Inc.*, 12 Civ. 7189, 2013 WL 841037 at *3-*4 (S.D.N.Y. March 7, 2013) (authorizing service by email and Facebook in India where India objected only to means of service listed in Article 10). Because China has not objected to service by

10

electronic means, this Court may authorize such alternative service pursuant to Rule 4(f)(3).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court authorize Plaintiff to notify Defendants, the Marketplaces, and the Financial Institutions of the TRO and to serve the Summonses, Complaint, and all subsequent pleadings and documents upon each Defendant in this action by electronic mail using email addresses provided by the Marketplaces, the Financial Institutions, or Defendants themselves or by other electronic means such as Marketplace messaging platforms.

Dated: August 23, 2022.

Respectfully submitted,
THE SLADKUS LAW GROUP

*s/ Carrie A. Hanlon*
Carrie A. Hanlon
Ga. Bar No. 289725
E-mail: carrie@sladlaw.com
Jeffrey B. Sladkus
Ga. Bar No. 651220
E-mail: jeff@sladlaw.com
Jason H. Cooper
Ga. Bar No. 778884
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318

Telephone: (404) 252-0900
Facsimile: (404) 252-0970

***Attorneys for Plaintiff***

## **CERTIFICATE OF FONT & SIZE SELECTION**

Pursuant to LR 7. 1(D), I certify that this paper was prepared with one of the font and point selections approved by the Court in LR 5.1(B).

*s/ Carrie A. Hanlon*
Carrie A. Hanlon